[Civ. No. 50652. Second Dist., Div. Two. Aug. 15, 1977.]

LONG BEACH CITY EMPLOYEES ASSOCIATION, INC.,
Plaintiff and Appellant, v.
CITY OF LONG BEACH et al.,
Defendants and Respondents.

274

---

---

**COUNSEL**

Geffner & Satzman and Michael Posner for Plaintiff and Appellant.

Leonard Putnam, City Attorney, and John R. Calhoun, Deputy City Attorney, for Defendants and Respondents.

## OPINION

**ROTH, P. J.**—The Long Beach City Employees Association, Inc. (CEA) petitioned the superior court for a peremptory writ of mandate to compel the Long Beach City Council (City Council or respondent) to adopt a memorandum of understanding (MOU) prepared by representatives of CEA and City of Long Beach pursuant to Government Code section 3505.1, part of the Meyers-Milias-Brown Act (MMBA), and presented to the City Council for adoption.

CEA's petition alleged in pertinent part:

"On August 30, 1976, Calvin A. Davenport and Bruce E. Dandy, representatives of the CEA in good faith executed a Memorandum of Understanding by and between THE CITY EMPLOYEES ASSOCIATION (CEA) and THE CITY OF LONG BEACH that was signed by Robert C. Creighton, acting City Manager for the CITY OF LONG BEACH. . . .

"Pursuant to Article I of . . ., the [MOU] *would not be effective until provisions of such are approved by the City Council.*

"At all times herein relevant, Section 3505.1 of the Government Code provides: 'If agreement is reached by the representatives of the public agency and a recognized employee organization or recognized employee organizations, they shall jointly prepare a written memorandum of such understanding, *which shall not be binding* and present it to the governing body or its statutory representative for determination.'

"On August 31, 1976, Bruce Dandy, Acting General Manager of the CEA appeared before respondent CITY COUNCIL to request respondent CITY COUNCIL to approve the [MOU]. . . . At that time, Barney J. Walczak, Deputy City Manager, who was the chief negotiator for the city, *in bad faith* advised respondent CITY COUNCIL that notwithstanding the provisions of Article I of the [MOU] that required said document to be approved by the CITY COUNCIL, he advised the council that they did

not have to approve. . . . Thereafter, respondent CITY COUNCIL did not approve. . . .

"On September 7, 1976, Bruce Dandy, Acting General Manager of the CEA, appeared before . . . CITY COUNCIL to urge the adoption of the [MOU]. . . . On that date, . . . CITY COUNCIL *in bad faith* refused to adopt the [MOU] . . . [and avoided] . . . the obligation of being bound to a contract with petitioner.

"The action taken by . . . CITY COUNCIL on September 7, 1976, in refusing to adopt the [MOU], is in violation of Section 3500. et seq. of the Government Code, and respondents should be ordered to adopt the Memorandum of Understanding." (Italics added.)

The facts above alleged, except for the underscored conclusion of law, are not in dispute.

In order to fortify its allegation of bad faith in its petition CEA filed affidavits which incorporated the minutes of two meetings of the City Council which showed that there were many meetings between CEA and the representatives of City Council discussing all facets of the MOU. However, the good faith of respondent with respect to attendance and decision of all items involved therein is not in question. The record shows that the MOU was meticulously and carefully considered by City Council from the time of its original submission and that the City Council did adopt Salary Resolutions as provided in the MOU and thereafter at CEA's request, the MOU in its entirety was read into the minutes of the City Council with the proviso that subsequent approval of its minutes by the council was not to constitute an adoption of the MOU.

■ Nothing in the affidavits filed by petitioner or in the minutes of City Council or otherwise in the record remotely suggests bad faith. And nothing is. pointed out by petitioner to show bad faith other than the pleaded conclusion of bad faith and the fact above noted that respondent, was advised by its city manager that approval of the MOU was within its legislative discretion.

MMBA (Gov. Code, §§ 3500-3510) applies to employees and employee organizations and its purpose as recited in section 3500 is in part to

provide a "reasonable method of resolving disputes regarding wages, hours, and other terms and conditions of employment between public employers and public employee organizations." In aid of this objective, section 3505 provides that the "governing body of a public agency . . . shall meet and confer in good faith regarding wages, hours, and other terms and conditions of employment with representatives of such recognized employee organizations . . . and shall consider fully such presentations as are made by the employee organization on behalf of its members prior to arriving at a determination of policy or course of action. . . . 'Meet and confer in good faith' means that a public agency . . . and representatives of recognized employee organizations shall have the mutual obligation personally to meet and confer promptly upon request by either party and continue for a reasonable period of time in order to exchange freely information, opinions, and proposals, and to endeavor to reach agreement on matters within the scope of representation prior to the adoption by the public agency of its final budget for the ensuing year. . . ."

Appellant's petition admits that the MOU itself recites, and the applicable law provides, that an MOU is not effective until approved by respondent and that respondent *did* meet and confer in good faith with the CEA as required by sections 3505 and 3505.1 of the Government Code, but petitioner nevertheless now contends that although respondent did meet with the CEA pursuant to Government Code section 3505, the fact that respondent did not adopt the MOU signed by its city manager was bad faith per se.

The law is clearly to the contrary.

When respondent was advised by its assistant city manager that the MOU was not binding upon City Council, the advice stated the law as understood and pleaded by CEA as it is set forth in section 3505.1 of the Government Code and as interpreted and approved by our Supreme Court. (*Bagley* v. *City of Manhattan Beach* (1976) 18 Cal.3d 22 [132 Cal.Rptr. 668, 553 P.2d 1140].) To hold that a refusal to adopt an MOU after legislative consideration, which consideration is not remotely impeached, would be to nullify the law.

In *Bagley,* the court says at page 25: "The Meyers-Milias-Brown Act (Gov. Code, §§ 3500-3510), which applies to local government employees

and deals with public employee organizations and labor relations, seeks to provide 'a reasonable method of resolving disputes regarding wages, hours, and other terms and conditions of employment between public employers and public employee organizations.' (Gov. Code, § 3500.) Although there is provision for a written memorandum of understanding by employee organizations and *representatives* of a negotiating public agency, the act expressly provides that the memorandum *'shall not be binding'* but shall be presented to the *governing body* of the agency or its statutory representative for *determination,* thus reflecting the *legislative decision that the ultimate determinations are to be made by the governing body itself* or its statutory representative and *not by others.* (Gov. Code, § 3505.1; see *City and County of San Francisco* v. *Cooper, supra,* 13 Cal.3d 898, 926-928 [under the Winton Act involving school labor relations, written memorandum of understanding is *not binding,* the school board *retaining ultimate authority*].)" (Italics added.) *(Glendale City Employees' Assn., Inc.* v. *City of Glendale* (1975) 15 Cal.3d 328 [124 Cal.Rptr. 513, 540 P.2d 609]; *Crowley* v. *City and County of San Francisco* (1977) 64 Cal.App.3d 450, 456 [134 Cal.Rptr. 533].)

After a brief hearing on the petition as fortified by the affidavits above referred to, the superior court sustained respondent's general demurrer to the petition without leave to amend and denied the petition. CEA appeals from the judgment sustaining City Council's general demurrer to the petition and from the order denying relief and dismissing the petition with prejudice.

The judgment is affirmed in all respects.

Compton, J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 13, 1977.